Fallenstein vs. Boothe.

---

---

## FALLENSTEIN vs. BOOTHE.

1. Where the evidence before the jury is such that they might find a verdict for either the plaintiff or defendant, a new trial should not be granted.

2. The jury are the proper persons to estimate the value of character, and to assess the requisite or appropriate amount of damages for any injury thereto; and unless their estimate be an exorbitant one, or such an one as at first blush would appear the offspring of malice, or exceedingly improper bias on the part of the jury, it is improper to grant a new trial.

3. In actions of slander, the words spoken are to be construed according to their natural meaning and common acceptance. The old doctrine, that words spoken slanderously are to be taken in *mitiara censu*, has long since been abandoned.

## Appeal from Howard Circuit Court.

### STATEMENT OF THE CASE.

Boothe commenced this action in the Howard circuit court against Fallenstein, charging him with having spoken the slanderous words charged in the following count, to wit: "For that the said defendant, wickedly intending to injure the plaintiff heretofore, to wit, on the first day of May, 1849, in a certain discourse which he then had of and concerning the plaintiff, did, in the presence and hearing of divers persons, maliciously and falsely speak and publish of and concerning the plaintiff, the following false, scandalous and defamatory words; that is to say, he (meaning the plaintiff,) stole his note, he (meaning the plaintiff') stole his note and carried it off in his pocket—he (meaning the plaintiff, ) stole his note and tore it up—he (meaning the plaintiff,) stole it—he (meaning the plaintiff,) stole my note—he (meaning the plaintiff,) stole my note and carried it off in his pocket—he (meaning the plaintiff,) stole my note and tore it up—he (meaning the plaintiff,) stole my note from me—he (meaning the plaintiff,) stole the note from me—he (meaning the plaintiff,) stole the note —he (meaning the plaintiff,) stole the note from me and carried it off in his pocket—he (meaning the plaintiff,) stole the note and carried it off,—he (meaning the plaintiff,) stole his note to me—he (meaning the plaintiff,) stole the note he had given me."

Fallenstein vs. Boothe.

The second count in the declaration is in the same form, except the speaking of the words is laid in the second person.

The declaration has the general conclusion. By means of the committing of which griev-ances by the said defendant, &c.

The defendant filed the general plea under the statute, and at the December term, 1849, upon the trial of the cause, plaintiff proved by one Peterson Parks, that in a conversation in the store of defendant between plaintiff and defendant, concerning a promissory note for $1 92, which plaintiff had a short time before executed to defendant, defendant said "he had stolen his note;" that this was in reply to what plaintiff had said, that was in substance that he had given his note, and could not pay the account until he got his note.

Defendant proved by Mason and Bradley, who were both present at the interview about the note, that defendant did not speak the words as stated by Parks. That he said in sub-stance, the note being gone, did not release plaintiff from the payment of the debt, and that the matter lay between Mason, his clerk, and defendant, and that he did not believe Mason took it, because he had the care of much more important papers all the time.

Upon this evidence, the cause being submitted without argument, the jury returned a ver-dict for plaintiff of one thousand dollars.

Motions for setting aside the verdict for a new trial, and also in arrest of judgment being overruled, Fallenstein has brought his case here by appeal.

## CLARK & DAVIS, for appellant.

It is contended by appellant, that upon the face of the record, there is no cause of action stated. That the term "note," used in the court as being the thing stolen, is too uncertain and indefinite for a direct charge of slander. That being the case, there is no averment in the declaration, that by the use of these words, defendant intended to charge plaintiff with the commission of larceny or any other crime, or that he was so understood.

There is no allegation in the declaration, that any special or particular kind or description of note was meant by the words spoken, neither is there any inuendo used as to the applica-tion of the term note, nor is there any colloquium averred concerning a note of any kind. Starkie on Slander, (bottom page,) 304 to 312; 2 Pick. 320; 15 Wendell 232; 1 Chitty 437; 8 Mo. Rep. 512; 1 Chitty 429, 430, 431.

And if the declaration were sufficient to support the judgment after verdict, the damages were excessive, and under all the circumstances, a new trial ought to have been granted. The words spoken are as proved in the third person. That cannot be so; such things occur in draughting bills of exceptions inadvertently. The testimony of Parks is also to the effect that the conversation was in the store of the defendant, and when both parties were present, and this is also stated in the testimony of Mason and Bradley.

The speaking of the words, then, was upon an occasion and under circumstances which rebut the idea of malice. Plaintiff being asked for a small amount due him by defendant, required the note to be got before he would pay it, and that being gone under circumstances very peculiar, to say the least, defendant uttered the words to his face, in his own house, in the heat of blood, and the idea of previous malice is rebutted by all the facts that up to that time, plaintiff had been buying and dealing on credit in that store.

## LEONARD & PREWITT, for appellee.

1. There is nothing in the case to warrant the interference of this court upon the ground of "excessive damages." Coleman vs. Southwick, 9 John. 45.

2. The words laid are actionable, and the declaration good even upon demurrer. Words are to be understood as the community understand them, and the old rule of understanding them in their mildest sense is abandoned. 1 Starkie on Slander, 45 side page, and 51, and cases there cited in note 19. Woolnoth vs. Meadows, 5 East. 463. Hagley vs. Hagley, 2

Fallenstein vs. Boothe.

Bailey 592. Davis vs. Johnson, 2 Bailey 579. Wiley vs. Campbell, 5 Mon. 396. 2 Binn. 34, Brown vs. Lamberton. Hume vs. Arrowsmith, 1 Bibb. Walton vs. Singleton, 7 Serg. & Rawl. 451. Andrews vs. Kossenheifer, 3 Serg. & Rawl. 254. Cornelius vs. Slyck, 21 Wend. 71. Rev. Stat. 45, page 360, § 37.

3. If it were not good on demurrer, here there has been a verdict, and after a verdict, the court willl understand the words as the jury have, if they are capable of that interpretation. Beake vs. Oldham, 1 Cowper 278; 1 Starkie on Slander, side page, 50 and 79; Beers vs. Strong, Kirby (Conn.) Rep. 12; Dexter vs. Taber, 12 Johnson 239; 2 Binn. 34; Roberts vs. Camden, 9 East. 93; Welsh vs. Eakle, 7 J. J. Marshall. 424; Stokes vs. Stuckey, 1 McCord, 562; Morgan vs. Williams, 1 Strange 142.

4. There was ample evidence to warrant the verdict, and even if this court would have found the fact otherwise, when there is any evidence this court will not interfere.

RYLAND, Judge, delivered the opinion of the court.

This case was submitted to the jury by the parties below without argument. Many instructions were given by the court for both parties. No exceptions were saved to any act of the court below, in either rejecting testimony or in giving instructions. Every instruction which the defendant asked for was given by the court, and from an examination of these instructions, I am satisfied that the case was put fairly before the jury. The defendant has no cause to complain of the acts of the court before the finding of the verdict; nor did he complain.

After verdict, he moved for a new trial, assigning as reasons therefor, that the court improperly rejected evidence offered by the defendant—that the verdict is against evidence—that the damages found by the jury are excessive. This motion was overruled and excepted to. The record nowhere shows that any evidence was rejected by the court on either side. It also shows that there was evidence before the jury on which they might find a verdict for plaintiff or for the defendant either; and having found their verdict, the court did right to overrule the motion, so far as regards the two first reasons assigned.

As to the excessiveness of the damages, we cannot see anything requiring our interference on this point. The jury are the proper persons to estimate the value of character, and to assess the requisite or appropriate amount of damages for an injury thereto, and unless their estimate be an exorbitant one, or such an one as at first blush would appear the offspring of malice or exceeding improper bias on the part of a jury, the courts have invariably refused to correct the verdict, by granting a new trial.

We cannot therefore interfere on this ground. The circuit court before which the trial was had, appears satisfied with this verdict, and it is presumed that court was fully competent, after hearing all the evidence and seeing the witnesses and their manner of testifying, to come

to a proper conclusion on this subject. Therefore, I conclude there was no sufficient ground to set aside the verdict, and grant a new trial.

Upon the motion to arrest, I am also of the opinion that the court below acted properly.

The old doctrine that words spoken slanderously are to be taken in *mitiori sensu*, has long since been abandoned. Words are now to be taken as the common understanding of mankind estimates them, and the jury now decide upon the fact as to what the defendants words do mean. The court will neither construe the words in their worst or most offensive sense, nor in their *mildest* sense. On this point the authorities cited by appellees counsel are plain and satisfactory; to which I will add one settled nearly two hundred years ago—the case of Stevens vs. Ask, Michælmas Term 1654; Stiles Reports, page 424.

After verdict the courts will understand the words as the jury have, if the words will bear such interpretation. Upon the whole of this case, then, we feel bound to affirm the judgment.